UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** *CR14-344 JRT/FLN* |
| Plaintiff, | 18 U.S.C. § 2 |
| | 18 U.S.C. § 981(a)(1)(C) |
| v. | 18 U.S.C. § 1028A |
| | 18 U.S.C. § 1344 |
| | 18 U.S.C. § 1349 |
| | 28 U.S.C. § 2461(c) |

1. SIENEMAH TERRANCE GAYE,
   a/k/a Sin,
   a/k/a Neimah,
   a/k/a Doc,
   a/k/a Mil_Yun,
   a/k/a R.W.,

2. FINOH SAHR FILLIE,
   a/k/a Noh Noh,
   a/k/a Expensive Noh Noh,
   a/k/a L.B.,

3. KARZIL RENALDO CANNEDY,
   a/k/a Zell,
   a/k/a Zell Zilla,
   a/k/a K,

4. JAMES LUELLYING CAPEHART, III,
   a/k/a Big,
   a/k/a Bigs,
   a/k/a Biggie,
   a/k/a B,
   a/k/a D.C.,

5. JEFFREY DULWONH GBOR,
   a/k/a Hustle,
   a/k/a 24-Hour Hustle,
   a/k/a A.B.,

6. LARRY WLEAH BORTEH,
   a/k/a Lorenzo Shaw,
   a/k/a L Boogie,
   a/k/a Boogs,
   a/k/a Lord,

SCANNED
OCT 21 2014
U.S. DISTRICT COURT MPLS

United States v. Sienemah Terrance Gaye, et al.

7. ANTHONY TARPEH KUGMEH,
   a/k/a Yayo,
   a/k/a Yay,
   a/k/a Tito,
   a/k/a Calvin,
   a/k/a E.H.,

8. SAMUEL GAYAH KARMO,
   a/k/a Sammo,
   a/k/a Scotty G,

9. SAMBA ERIC KONDEH KAMARA,
   a/k/a El Ricky,

10. FULTON KPENEON BADIO,
    a/k/a Fofo,
    a/k/a Dadon,
    a/k/a Don,

11. KHAN Z GBOR,
    a/k/a Sonic,
    a/k/a Sonic Hd,

12. DELANDEZ DOMINIQUE
    WILLIAMSON,
    a/k/a Moose,

13. PRINCE KORBOI SUMOSO,
    a/k/a Jimi Hendrix Jr.,

14. BAI ALBERT KIAWOIN,
    a/k/a Boss,
    a/k/a Kid,

15. VICTOR JERRY MASSALY,
    a/k/a Victor Massazy,

16. FELISHA HASSIM,

17. ANNESA HASSIM,

18. TIMOTHY JASON TILLMAN,

United States v. Sienemah Terrance Gaye, et al.

19. MALCOLM LOUIS CORNELL,

20. KLEME DOGBO SAMOLU,

21. AYESHA VERNEDER MCKINNEY,
    a/k/a Ayesha Green,
    a/k/a Ayesha Robinson,

22. JOHNSON SAYONKON,
    a/k/a Superboy,
    a/k/a Johnson Nelson Sayonkon,

23. MAURICE LERON GRIFFIN,
    a/k/a Murder Reese,
    a/k/a Reese,
    a/k/a Griff,

24. KAELA MONAE LEWIS,
    a/k/a Kae'kae, and

25. OWEN MENSOHN GBORPLAY,
    a/k/a Flex,

                    Defendants.

THE UNITED STATES GRAND JURY CHARGES THAT:

<u>INTRODUCTION</u>

1.      From on or about at least November 14, 2007, and continuing through on or about September 11, 2013, in the State and District of Minnesota and elsewhere, defendants,

**SIENEMAH TERRANCE GAYE,**
a/k/a Sin,
a/k/a Neimah,
a/k/a Doc,
a/k/a Mil_Yun,
a/k/a R.W.,
**FINOH SAHR FILLIE,**
a/k/a Noh Noh,

3

a/k/a Expensive Noh Noh,
a/k/a L.B.,

**KARZIL RENALDO CANNEDY,**
a/k/a Zell,
a/k/a Zell Zilla,
a/k/a K,

**JAMES LUELLYING CAPEHART, III,**
a/k/a Big,
a/k/a Bigs,
a/k/a Biggie,
a/k/a B,
a/k/a D.C.,

**JEFFREY DULWONH GBOR,**
a/k/a Hustle,
a/k/a 24-Hour Hustle,
a/k/a A.B.,

**LARRY WLEAH BORTEH,**
a/k/a Lorenzo Shaw,
a/k/a L Boogie,
a/k/a Boogs,
a/k/a Lord,

**ANTHONY TARPEH KUGMEH,**
a/k/a Yayo,
a/k/a Yay,
a/k/a Tito,
a/k/a Calvin,
a/k/a E.H.,

**SAMUEL GAYAH KARMO,**
a/k/a Sammo,
a/k/a Scotty G,

**SAMBA ERIC KONDEH KAMARA,**
a/k/a El Ricky,

**FULTON KPENEON BADIO,**
a/k/a Fofo,
a/k/a Dadon,
a/k/a Don,

**KHAN Z GBOR,**
a/k/a Sonic,
a/k/a Sonic Hd,

**DELANDEZ DOMINIQUE WILLIAMSON,**
a/k/a Moose,

**PRINCE KORBOI SUMOSO,**
a/k/a Jimi Hendrix Jr.,

4

United States v. Sienemah Terrance Gaye, et al.

**BAI ALBERT KIAWOIN,**
a/k/a Boss,
a/k/a Kid,
**VICTOR JERRY MASSALY,**
a/k/a Victor Massazy,
**FELISHA HASSIM,**
**ANNESA HASSIM,**
**TIMOTHY JASON TILLMAN,**
**MALCOLM LOUIS CORNELL,**
**KLEME DOGBO SAMOLU,**
**AYESHA VERNEDER MCKINNEY,**
a/k/a Ayesha Green,
a/k/a Ayesha Robinson,
**JOHNSON SAYONKON,**
a/k/a Superboy,
a/k/a Johnson Nelson Sayonkon,
**MAURICE LERON GRIFFIN,**
a/k/a Murder Reese,
a/k/a Reese,
a/k/a Griff,
**KAELA MONAE LEWIS,**
a/k/a Kae'kae, and
**OWEN MENSOHN GBORPLAY**,
a/k/a Flex,

aiding and abetting, and being aided and abetted by, others known and unknown to the grand jury, did knowingly and unlawfully devise and participate in a scheme to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises.

2.     At all times relevant to this Indictment, the following financial institutions did business in the State of Minnesota and elsewhere and held deposits insured by the Federal Deposit Insurance Corporation or National Credit Union Insurance Fund:

a.     21st Century Bank

b.     American National Bank-Omaha, NE

5

United States v. Sienemah Terrance Gaye, et al.

c.     Americana Community Bank

d.     Anoka Hennepin Credit Union

e.     Associated Bank

f.     The Bancorp Bank

g.     Bank of America

h.     Bank of Oklahoma

i.     Baxter Credit Union

j.     BMO Harris Bank

k.     Bremer Bank

l.     Capital One Bank, N. A.

m.     Central Bank

n.     Charles Schwab

o.     Charter One Bank, F.S.B.

p.     Citizens Independent Bank

q.     Citizens State Bank

r.     City & County Credit Union

s.     Citywide Banks

t.     Community First National Bank

u.     Crown Bank

v.     D.L. Evans Bank

w.     Endura Financial

x.     Farmers & Merchants Bank

United States v. Sienemah Terrance Gaye, et al.

y.      Fifth Third Bank

z.      First National Bank of the Lakes

aa.     Franklin Bank (Now Sunrise Bank)

bb.     Fulton Bank of New Jersey

cc.     Guaranty Bank

dd.     Gulf Winds Federal Credit Union

ee.     Honesdale National Bank

ff.     HSBC Bank

gg.     JPMorgan Chase

hh.     Klein Bank

ii.     Lakeview Bank

jj.     M&I Bank (Now BMO Harris)

kk.     Minnwest Bank

ll.     Riverside Bank

mm.     Security First Bank of Lincoln, NE

nn.     Share Point Credit Union

oo.     SunTrust Bank

pp.     TCF Bank

qq.     The Bank of Lawrence County

rr.     United Federal Credit Union

ss.     US Bank National Association

tt.     Village Bank

uu.    Wells Fargo Bank

vv.    Western Bank

ww.    Wings Financial

(hereinafter, the "Financial Institutions.")

## THE SCHEME

3.    Defendants, together with others known and unknown to the grand jury, participated in a scheme to defraud the Financial Institutions using counterfeit checks and legitimate personal checks at the Financial Institutions and businesses in the State of Minnesota and elsewhere to obtain and attempt to obtain money and funds owned by and under the custody and control of the Financial Institutions.

4.    As part of the scheme, defendants, by way of a variety of sources, obtained information about legitimate bank accounts and bank customers that they shared with others within the conspiracy.  Defendants obtained this information in some instances by exploiting the access to information they had as a result of their employment.  For example, defendants Felisha Hassim and Annesa Hassim worked at Financial Institutions where they had access to legitimate account information of real bank customers, which they provided to others within the conspiracy so that information could be used to defraud the Financial Institutions.  In other instances, defendants obtained information by way of social media, for example, by capturing images of legitimate checks posted to Instagram by persons unaffiliated with the conspiracy.

5.    Defendants then used the compromised account information, including the real names of businesses and individuals, real bank account numbers, and the real routing

numbers of the Financial Institutions, as the payor account from which the counterfeit checks drew. Defendants created the counterfeit checks using check-printing software, blank check stock, and the compromised account information. The counterfeit checks were made payable to others within the conspiracy and to persons whose means of identification had been stolen by defendants and used in the creation of fraudulent bank accounts.

6.      As used in this Indictment, "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual.

7.      Defendants also obtained real personal checks for use as part of the scheme. In some instances these checks drew from accounts opened by defendants. In other instances, these checks drew from the accounts of individuals whose checks had been stolen. Defendants and others negotiated these checks at the Financial Institutions and businesses knowing they were fraudulent.

8.      As part of the scheme to defraud, defendants and others within the conspiracy negotiated or deposited the counterfeit and fraudulent checks at the Financial Institutions and businesses in the State of Minnesota. In addition to negotiating or depositing some of the counterfeit and fraudulent checks themselves, defendants, conspiring with and aiding and abetting others, recruited other individuals willing to negotiate or deposit the counterfeit or legitimate checks.

9.      Defendants and others presented the checks at Financial Institutions and businesses and negotiated or deposited, or attempted to negotiate or deposit, the

United States v. Sienemah Terrance Gaye, et al.

counterfeit or fraudulent checks.  In some instances defendants successfully negotiated the checks for cash, and in other instances defendants deposited the checks and later withdrew the fraudulently obtained funds.  Defendants thereby obtained money and funds from the Financial Institutions.

10.    Defendants assisted the individuals recruited to negotiate the counterfeit and fraudulent checks in a variety of ways including advising them about how to carry out the fraudulent transactions; transporting or accompanying them to the Financial Institutions to open accounts; transporting them to the Financial Institutions and businesses to conduct fraudulent transactions; and monitoring the accounts into which the checks were deposited to determine whether funds from the counterfeit or fraudulent checks were available to be withdrawn.

11.    The primary roles associated with the conspiracy and the scheme to defraud include: (a) the "manufacturer," who, as set forth in paragraph 5, created the counterfeit checks used in the fraud scheme; (b) the "recruiter," who, as set forth in paragraphs 7, 8 and 10, recruited individuals willing to conduct fraudulent transactions and facilitated the transactions by coordinating between the manufacturer and the runner; (c) the "bank insider" or "facilitator," who, as set forth in paragraph 4, provided information about real bank accounts to others in the conspiracy; and (d) the "runner," who, as set forth in paragraph 9, conducted the fraudulent transactions.

12.    Although the majority of defendants occupied multiple roles, for example at times serving as a runner and other times as a recruiter, each defendant performed a primary role, which is set forth as follows:

a.      The manufacturers:  Sienemah Terrance Gaye, Finoh Sahr Fillie, and Karzil Renaldo Cannedy;

b.      The recruiters:  James Luellyin Capehart, III, Jeffrey Dulwonh Gbor, Larry Wleah Borteh, Anthony Tarpeh Kugmeh, Samuel Gayah Karmo, Samba Eric Kondeh Kamara, Fulton Kpeneon Badio, Khan Z. Gbor, Delandez Dominique Williamson, Prince Korboi Sumoso, Bai Alert Kiawoin, and Victor Jerry Massaly;

c.      The bank insiders/facilitators:  Felisha Hassim, Annesa Hassim, and Timothy Jason Tillman.  At times relevant to this indictment, Felisha Hassim worked as a branch manager at TCF Bank and Annesa Hassim worked as a teller at Central Bank, in those roles they accessed information about real bank accounts that they provided to others in the conspiracy and facilitated fraudulent transactions on behalf of the conspiracy.  At times relevant to this indictment, Timothy Jason Tillman worked as a door-to-door meat salesman, thereby receiving real checks from customers as payment, which he photographed and produced to members of the conspiracy.

d.      The runners:  Malcolm Louis Cornell, Kleme Dogbo Samolu, Ayesha Verneder McKinney, Johnson Sayonkon, Maurice Leron Griffin, Kaela Monae Lewis, and Owen Mensohn Gborplay.

## COUNT 1
(Conspiracy to Commit Bank Fraud)

13.      The grand jury incorporates paragraphs 1 through 12 as if fully set forth herein.

<u>United States v. Sienemah Terrance Gaye, et al.</u>

14.     From on or about at least November 14, 2007, to on or about September 11,

2013, in the State and District of Minnesota and elsewhere, defendants,

**SIENEMAH TERRANCE GAYE,**
a/k/a Sin,
a/k/a Neimah,
a/k/a Doc,
a/k/a Mil_Yun,
**FINOH SAHR FILLIE,**
a/k/a Noh Noh,
a/k/a Expensive Noh Noh,
**KARZIL RENALDO CANNEDY,**
a/k/a Zell,
a/k/a Zell Zilla,
a/k/a K,
**JAMES LUELLYING CAPEHART, III,**
a/k/a Big,
a/k/a Bigs,
a/k/a Biggie,
a/k/a B,
**JEFFREY DULWONH GBOR,**
a/k/a Hustle,
a/k/a 24-Hour Hustle,
**LARRY WLEAH BORTEH,**
a/k/a Lorenzo Shaw,
a/k/a L Boogie,
a/k/a Boogs,
a/k/a Lord,
**ANTHONY TARPEH KUGMEH,**
a/k/a Yayo,
a/k/a Yay,
a/k/a Tito,
a/k/a Calvin,
**SAMUEL GAYAH KARMO,**
a/k/a Sammo,
a/k/a Scotty G,
**SAMBA ERIC KONDEH KAMARA,**
a/k/a El Ricky,
**FULTON KPENEON BADIO,**
a/k/a Fofo,
a/k/a Dadon,
a/k/a Don,

**KHAN Z GBOR,**
a/k/a Sonic,
a/k/a Sonic Hd,
**DELANDEZ DOMINIQUE WILLIAMSON,**
a/k/a Moose,
**PRINCE KORBOI SUMOSO,**
a/k/a Jimi Hendrix Jr.,
**BAI ALBERT KIAWOIN,**
a/k/a Boss,
a/k/a Kid,
**KAELA MONAE LEWIS,**
a/k/a Kae'kae,
**VICTOR JERRY MASSALY,**
a/k/a Victor Massazy,
**FELISHA HASSIM,**
**ANNESA HASSIM,**
**MALCOLM LOUIS CORNELL,**
**KLEME DOGBO SAMOLU,**
**AYESHA VERNEDER MCKINNEY,**
a/k/a Ayesha Green,
a/k/a Ayesha Robinson,
**JOHNSON SAYONKON,**
a/k/a Superboy,
a/k/a Johnson Nelson Sayonkon,
**MAURICE LERON GRIFFIN,**
a/k/a Murder Reese,
a/k/a Reese,
a/k/a Griff,
**TIMOTHY JASON TILLMAN,** and
**OWEN MENSOHN GBORPLAY,**
a/k/a Flex,

did knowingly combine, conspire, confederate, and agree with one or more other defendants and other persons known and unknown to the grand jury, to execute and attempt to execute a scheme and artifice to defraud the Financial Institutions, and to obtain and attempt to obtain by means of material false and fraudulent pretenses and representations, money and funds owned by and under the custody and control of the

United States v. Sienemah Terrance Gaye, et al.

Financial Institutions, in violation of Title 18, United States Code, Section 1344 and 1349.

## PURPOSE OF THE CONSPIRACY

15.    The purpose of the conspiracy was to create counterfeit checks using stolen bank account information; to obtain real personal checks issued by Financial Institutions; to conduct fraudulent transactions at Financial Institutions and businesses using counterfeit and fraudulent checks; and to obtain money through the negotiation of the checks.

16.    Through this scheme, defendants and others known and unknown to the grand jury intended to defraud the Financial Institutions and businesses.

## MANNER AND MEANS

17.    The conspiracy included the manner and means described in paragraphs 1 through 14 of the Indictment, which are hereby re-alleged and incorporated herein.

18.    Through these manner and means, defendants conspired to obtain and attempted to obtain more than $2,000,000.00 in fraud proceeds through acts committed by defendants and other persons known and unknown to the grand jury in Minnesota and elsewhere.

19.    All in violation of Title 18, United States Code, Section 1349.

### Counts 2-33
### (Bank Fraud)

20.    The grand jury re-alleges and incorporates paragraphs 1 through 19 as if fully set forth herein.

United States v. Sienemah Terrance Gaye, et al.

21.  On or about the dates set forth below, in the State and District of Minnesota, defendants, as named below in each count, aided and abetted by, and aiding and abetting, each other and other persons known and unknown to the grand jury, having devised a scheme and artifice to defraud the Financial Institutions, and to obtain and attempt to obtain the money and funds owned by and under the custody and control of the Financial Institutions, by means of material false and fraudulent pretenses, representations, and promises, did knowingly execute and attempt to execute the scheme and artifice as follows:

| Count | Defendant(s) | Date (on or about) | Financial Institution | Description |
|-------|-------------|--------------------|-----------------------|-------------|
| 2 | GAYE J. GBOR | 11/28/11 | Wells Fargo Bank | Caused the deposit of counterfeit check #62425 for $8,245.70 drawing from the Wells Fargo Bank account of victim business Amazon Services, LLC, and made payable to M.J.P. |
| 3 | GAYE J. GBOR | 12/7/2011 | U.S. Bank | Caused the negotiation of counterfeit check #13986048 for $843.08 drawing from the Bank of America account of victim business Gap, Inc., and made payable to M.J.P. |
| 4 | FILLIE KAMARA | 1/5/2012 | Wells Fargo Bank | Caused the attempted negotiation of counterfeit check #2952 for $468.47 drawing from the Wells Fargo Bank account of victim business Propane Technical Services, Inc., and made payable to J.B.K. |
| 5 | GAYE | 3/28/2012 | Bank of America | Caused the deposit of counterfeit check #3004215 for $8,213.49 drawing from the Associated Bank account of victim business Terry, Slane & Rouhonen, P.L.L.C., IOLTA, into the Bank of America account ending #0909, which was opened using the stolen identity of victim R.D.W. |

United States v. Sienemah Terrance Gaye, et al.

| 6 | GAYE | 5/3/2012 | BMO Harris Bank | Caused the negotiation at Walmart of counterfeit check #470018382 for $502.95 drawing from the BMO Harris Bank account used by victim business Alpine Staffing, Inc., and made payable to C.J.C. |
|---|---|---|---|---|
| 7 | FILLIE | 9/15/2012 | Wells Fargo Bank | Caused the deposit of counterfeit check #227790 for $1,324.88 drawing from the M&T Bank Corporation account of victim business American Public University Systems, Inc., into the Wells Fargo Bank account ending #9988 , which was opened using the stolen identity of victim L.N.B. |
| 8 | GAYE J. GBOR F. HASSIM A. HASSIM CORNELL | 12/10/2012 | Central Bank | Caused the negotiation of counterfeit check #24844 for $4,850.00 drawing from the Central Bank account of victim business Pioneer Midwest, Inc., and made payable to MALCOLM LOUIS CORNELL |
| 9 | GAYE J. GBOR F. HASSIM A. HASSIM KUGMEH | 12/13/2012 | Central Bank | Caused the negotiation of counterfeit check #24851 for $4,850.00 drawing from the Central Bank account of victim business Pioneer Midwest, Inc., using the stolen identity of victim E.M.H. |
| 10 | GAYE J. GBOR F.HASSIM | 12/13/2012 | TCF Bank | Caused the negotiation of counterfeit check #56699 for $4,855.60 drawing from the TCF Bank account of victim business Bigos Management, Inc., and made payable to C.K.C. |
| 11 | GAYE J. GBOR F. HASSIM | 12/14/2012 | TCF Bank | Caused the negotiation of counterfeit check #23362 for $7,946.20 drawing from the TCF Bank account of victim business William Leon DDS, PA, and made payable to L.D.N. |
| 12 | GAYE K. GBOR | 1/17/2013 | Wells Fargo Bank | Caused the attempted deposit of counterfeit check #52135 for $4,230.00 drawing from the Wells Fargo Bank account of victim business Clearfield City Corporation and made payable to O.A.A. |
| 13 | FILLIE MASSALY | 5/7/2013 | TCF Bank | Caused the negotiation of counterfeit check #4138 for $4,286.10 drawing from the TCF Bank account of victim business 5 Star Field Services and made payable to M.K. |

United States v. Sienemah Terrance Gaye, et al.

| 14 | SUMOSO WILLIAMSON | 5/15/2013 | Wells Fargo Bank | Caused the attempted negotiation of counterfeit check #591687 for $4,628.09 drawing from the Wells Fargo Bank account of victim business Alliance HHC & Nursing Services and made payable to T.A.J.W. |
|---|---|---|---|---|
| 15 | FILLIE MASSALY | 6/7/2013 | Wells Fargo Bank | Caused the deposit of counterfeit check #45343659 for $4,823.10 drawing from the Wells Fargo Bank account of victim business Sentinel Management, LLC., and made payable to D.M.M. |
| 16 | GAYE SUMOSO WILLIAMSON | 6/17/2013 | TCF Bank | Caused the negotiation of counterfeit check #418896 for $4,710.28 drawing from the TCF Bank account of victim business Fourcrown, Inc., and made payable to J.S.J. |
| 17 | GAYE KARMO SAYONKON | 6/19/2013 | Wells Fargo Bank | Caused the deposit of counterfeit check #19191 for $4,659.10 drawing from the Central Bank account of victim business Natural Green and made payable to JOHNSON SAYONKON |
| 18 | CAPEHART | 6/24/2013 | TCF Bank | Caused the deposit of fraudulent check #100 for $3,100.00 payable to M.L.G., drawing from the Bank of America account opened using the stolen identity of victim D.M.C. |
| 19 | GAYE BADIO | 7/1/2013 | Wells Fargo Bank | Caused the attempted negotiation of counterfeit check #86882 for $4,318.02 drawing from the Wells Fargo Bank account of victim business Red Lion Hotel and made payable to T.M. |
| 20 | GAYE | 7/2/2013 | BMO Harris Bank | Caused the deposit of counterfeit check #4961 for $3,826.08 drawing from the BMO Harris Bank account of victim business Hospitality Group LLC and made payable to SIENEMAH TERRANCE GAYE |
| 21 | CANNEDY J. GBOR KUGMEH | 7/19/2013 | TCF Bank | Caused the negotiation of counterfeit check #165363 for $854.97 drawing from the Bank of America account of victim business Palm Spring View Apartments and made payable to C.R.L.S. |

United States v. Sienemah Terrance Gaye, et al.

| 22 | CANNEDY J. GBOR | 7/24/2013 | U.S. Bank | Caused the attempted withdrawal from the U.S. Bank account of A.W.H. of $6,000.00 drawing from the deposit of counterfeit check #1008 for $6,253.10 drawing from the U.S. Bank account of victim business Border Foods, Inc. |
|---|---|---|---|---|
| 23 | CANNEDY J. GBOR SUMOSO | 7/24/2013 | TCF Bank | Caused the deposit of counterfeit check #1023 for $4,388.12 drawing from the Wells Fargo Bank account of victim business Crystal Chicken, LLC, and made payable to S.N.W. |
| 24 | CANNEDY GRIFFIN SUMOSO | 7/24/2013 | Wells Fargo Bank | Caused the negotiation at Walmart of counterfeit check #1046 for $979.10 drawing from the Wells Fargo Bank account of victim business Crystal Chicken, LLC, and made payable to MAURICE LERON GRIFFIN |
| 25 | GAYE CAPEHART | 8/1/2013 | Wells Fargo Bank | Caused the attempted negotiation at Walmart of counterfeit check #90943107 for $495.36 drawing from the Wells Fargo Bank account of victim business Target and made payable to J.E.C. |
| 26 | CANNEDY J. GBOR BORTEH | 8/2/2013 | Wells Fargo Bank | Caused the negotiation of counterfeit check #97657 for $3,346.85 drawing from the Wells Fargo Bank account of victim business The Lane Construction Corp. and made payable to V.R.D. |
| 27 | GAYE J. GBOR BADIO GBORPLAY TILLMAN | 8/21/2013 | TCF Bank | Caused the deposit of counterfeit check #484 for $3,900.00 drawing from the Minnwest bank account of victim J.Z. and made payable to OWEN MENSOHN GBORPLAY |
| 28 | GAYE BADIO KIAWOIN | 8/23/2013 | TCF Bank | Caused the attempted negotiation of counterfeit check #6225 for $450.00 drawing from the TCF Bank account of victim K.L.P. and made payable to O.L.B. |
| 29 | GAYE KUGMEH LEWIS | 8/30/2013 | TCF Bank | Caused the negotiation of counterfeit check #63412380 for $486.29 drawing from the Bank of America account of victim business Lithia Motors Support Services and made payable to KAELA MONAE LEWIS |

United States v. Sienemah Terrance Gaye, et al.

| | | | | |
|---|---|---|---|---|
| 30 | GAYE MASSALY | 8/30/2013 | TCF Bank | Caused the negotiation of counterfeit check #17958 for $9,439.00 drawing from the Associated Bank account of victim business Howry Residential Services and made payable to A.U.B. |
| 31 | FILLIE KAMARA SAMOLU | 9/3/2013 | Wings Financial Credit Union | Caused the deposit of check #143 for $2,500.00 drawing from the Wells Fargo Bank account of M.F.D. and made payable to KLEME DOGBO SAMOLU |
| 32 | GAYE BADIO MCKINNEY | 9/3/2013 | TCF Bank | Caused the deposit of counterfeit check #202181 for $18,500.00 drawing from the J.P. Morgan Chase Bank account of victim business Bell Helicopter Textron Inc. and made payable to AYESHA VERNEDER MCKINNEY |
| 33 | GAYE KIAWOIN | 9/9/2013 | Wells Fargo Bank | Caused the attempted negotiation of counterfeit check #2316448 for $4,259.08 drawing from the Wells Fargo Bank account of victim business VF Outdoor Inc. and made payable to Y.N.D. |

22.     All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 34-39
(Aggravated Identity Theft)

23.     The grand jury re-alleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

24.     On or about the dates set forth below, in the State and District of Minnesota, defendants, as named below in each count, aided and abetted by, and aiding and abetting, each other and others known and unknown to the grand jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, as alleged in each count below, during and in relation to the commission of a felony violation enumerated in Title 18, United States Code, Section 1028A(c),

specifically, bank fraud and attempted bank fraud, in violation of Title 18, United States

Code, Section 1028A:

| Count | Defendant(s) | Date (on or about) | Description |
|---|---|---|---|
| 34 | GAYE | 1/6/2012 – 3/28/2012 | Unlawfully used a means of identification, specifically the name, social security number, and date of birth of victim R.D.W. during and in relation to the commission of bank fraud, as alleged in Count 1 |
| 35 | FILLIE | 9/13/2012- 9/15/2012 | Unlawfully used a means of identification, specifically the name, social security number, and date of birth of victim L.N.B., during and in relation to the commission of bank fraud, as alleged in Count 1 |
| 36 | KUGMEH | 12/13/2012 | Unlawfully used a means of identification, specifically the name of victim E.M.H., during and in relation to the commission of bank fraud, as alleged in Count 1 |
| 37 | CAPEHART | 6/24/2013 | Unlawfully used a means of identification, specifically the name of victim D.M.C., during and in relation to the commission of bank fraud, as alleged in Count 1 |
| 38 | GAYE KIAWOIN | 8/23/2013 | Unlawfully used a means of identification, specifically the bank account and routing number of victim K.L.P., during and in relation to the commission of bank fraud, as alleged in Count 1 |
| 39 | J. GBOR | 9/10/2013 | Unlawfully used a means of identification, specifically the name, social security number, and date of birth of victim A.T.B., during and in relation to the commission of bank fraud, as alleged in Count 1 |

25.    All in violation of Title 18, United States Code, Sections 1028A and 2.

## FORFEITURE ALLEGATIONS

26.    Counts 1-33 of this Indictment are hereby re-alleged and incorporated as if

fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title

18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United

States Code, Section 2461(c).

United States v. Sienemah Terrance Gaye, et al.

27.     As the result of the offenses alleged in Counts 1-33 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violations.

28.     If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____          _____

UNITED STATES ATTORNEY                    FOREPERSON